United States District Court
Southern District of Texas
**ENTERED**
September 10, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 4:16–CV–03463 |
| BA'TAI PRICE, ET AL., | § § | |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION

This lawsuit is a collection action initiated by the United States of America (the "United States") for unpaid tax liabilities for the years 2001, 2002, and 2005. The United States has filed a Motion for Partial Summary Judgment, seeking (i) a judgment that the Estate of Isaac Price, II ("Mr. Price") is indebted and liable to the United States for unpaid federal income taxes in the amount of $651,971.91, as calculated through September 10, 2018, plus prejudgment and post-judgment interest; and (ii) an order that would allow the United States to foreclose its federal tax liens and sell Mr. Price's residence at the time of his death, currently titled to Defendants Ba'Tai Price and Diamon Anderson, to satisfy the outstanding tax debt. *See* Dkt. 125. United States District Judge George C. Hanks, Jr. referred the Motion for Partial Summary Judgment to me for report and recommendation. *See* Dkt. 142. After thoroughly reviewing the Motion for Partial Summary Judgment (Dkt. 125), the response, the reply, and the applicable legal authorities, I **RECOMMEND** that the motion be **GRANTED**.

## BACKGROUND

Mr. Price passed away on September 28, 2016. At the time of his death, Mr. Price was a delinquent taxpayer. The Internal Revenue Service ("IRS") made federal tax assessments against Mr. Price and his wife, Gloria Price (collectively, the "Prices"), for the tax years 2001, 2002, and 2005. The IRS subsequently abated the joint delinquencies but maintained the delinquencies as separate assessments against Mr. Price. As calculated through September 10, 2018, Mr. Price's estate had unpaid delinquent income tax liabilities (including the outstanding balance plus interest and penalties) for the tax years 2001, 2002 and 2005 in the total amount of $651,971.91. That figure is determined as follows:

| Tax Year | Assessment Date | Outstanding balance plus interest and penalties through 9/10/2018 |
|---|---|---|
| 2001 | 5/15/2006 | $122,523.17 |
| 2002 | 5/15/2006 | $515,821.81 |
| 2005 | 5/14/2007 | $13,626.93 |
| TOTAL DUE BY the Estate of Isaac Price, II | | $651,971.91 |

In January 2007 and February 2016, the IRS recorded Notices of Federal Tax Liens ("NFTL") in Harris County public records relating to the Price's 2001 and 2002 tax liabilities. In March 2009 and July 2016, the IRS recorded NFTLs in Harris County public records relating to the Price's 2005 tax liabilities. During the pendency of this lawsuit, the IRS erroneously filed Certificates of Release of Federal Tax Lien ("Certificates of Release").

Upon discovering the mistake, the IRS restored its liens as to Mr. Price by revoking the releases and refiling the NFTLs as to Mr. Price only.

Mr. Price's will named Ba'Tai Price as the Executor of his estate and devised his residence (the "Property") to Ba'Tai Price and Diamon Anderson. The Property is located at 7110 W. Knoll Street, Houston, Texas 77028 and legally described as follows:

> Lots two hundred thirty seven (237) and two hundred thirty eight (238) of Rosewood Estates, Section One (1), a subdivision in Harris County, Texas, according to the Map or Plat thereof, recorded in Volume 23, Page 42, of the Map Records of Harris County, Texas.

## ANALYSIS

**A.    TAX LIABILITY**

The United States contends it is entitled to a partial summary judgment for unpaid federal income taxes as of September 10, 2018, plus prejudgment and post-judgment interest at the rates specified by federal law. To establish the amount due and owing, the United States has submitted Certificates of Assessments, Payments and Other Specified Matters ("Certificates of Assessments") for the 2001, 2002, and 2005 tax years. Those Certificates of Assessments indicate that, as of August 15, 2017, Mr. Price's tax liability was assessed at $70.913.68 for 2001; $308,214.07 for 2002; and $8,772.98 for 2005. Due to accruing interest and penalties, those amounts have increased, as of September 10, 2018, to $122,523.17 for 2001; $515,821.81 for 2002; and $13,626.93 for 2005. Combined, the total amount due as of September 10, 2018 is $651,971.91.

Certificates of Assessments "constitute[] valid evidence of a taxpayer's assessed liabilities and the IRS's notice thereof." *Perez v. United States*, 312 F.3d 191, 195 (5th Cir.

2002). As such, "IRS tax assessments are presumed to be correct, and the taxpayer bears the burden of overcoming this presumption." *United States v. De Leon*, No. 1:17-cv-48, 2018 WL 1750473, at *3 (S.D. Tex. Feb. 21, 2018) (collecting cases). To overcome the presumption that the assessments are correct, the taxpayer must provide "competent and relevant" evidence that each one of the assessments made by the IRS for the various tax years was erroneous. *Comm'r v. Smith*, 285 F.2d 91, 96 (5th Cir. 1960). Here, no such evidence has been introduced to dispute the assessments.

In opposing the Motion for Partial Summary Judgment, Ba'Tai Price and Diamon Anderson advance just one argument. They contend that the erroneously filed Certificates of Release had the legal effect of extinguishing the underlying delinquent tax liabilities. This argument is completely misplaced. Long established case law conclusively holds that a Certificate of Release extinguishes the lien, but not the underlying liability. *See Baker v. Comm'r*, 24 T.C. 1021, 1025 (1955) (holding that the discharge of a lien did not "preclude [the IRS] from determining additional taxes and penalties" because the effect "is to extinguish the tax lien and not the tax liability, and that reliance upon the extinguishment of a lien could not result in an estoppel against the Government"); *Miller v. Comm'r*, 23 T.C. 565, 569 (1954) (A "certificate is conclusive that the lien is extinguished. It is not conclusive that the tax liability has been paid."). The underlying tax liability remains until the tax is paid in full or the statutory period for collection expires.

Because there is no genuine issue of material fact as to the tax liability issue, I conclude that the United States is entitled to summary judgment in the amount of $651,971.91 as of September 10, 2018, with prejudgment and post-judgment interest to be added.

B.     ENFORCEMENT OF FEDERAL TAX LIENS

The United States next seeks to foreclose on the federal tax liens placed on the Property, requesting a judicial sale to satisfy Mr. Price's unpaid tax liabilities.

The law in this area is undisputed. A tax lien arises by operation of law if "any person liable to pay any tax neglects or refuses to pay the same after demand." 26 U.S.C. § 6321. The lien amount equals the amount of unpaid taxes plus "any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto." *Id.* The lien encumbers "all property and rights to property, whether real or personal, belonging to" the taxpayer. *Id.* With these basic rules in mind, it follows that the assessment of Mr. Price's federal tax liabilities in 2006 (for tax years 2001 and 2002) and 2007 (for tax year 2005) created a federal tax lien against all his property and rights to his property. *See* 26 U.S.C. § 6322 (a tax lien "shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed . . . is satisfied or becomes unenforceable by reason of lapse of time").

It is immaterial that legal title to the Property has been transferred to Ba'Tai Price and Diamon Anderson. This is because a tax lien "continues to attach to a taxpayer's property regardless of any subsequent transfer of the property." *United States v. Donahue Indus.*, 905 F.2d 1325, 1331 (9th Cir. 1990). *See also United States v. Bess*, 357 U.S. 51, 57 (1958) ("The transfer of property subsequent to the attachment of the lien does not affect the lien, for it is of the very nature and essence of a lien, that no matter into whose hands the property goes, it passes cum onere.") (internal quotations marks and citation omitted). Since the statutory liens

attached to Mr. Price's interest in the Property, Ba'Tai Price and Diamon Anderson acquired their interest in the Property subject to the liens.

Before recommending that the United States be allowed to foreclose the federal tax liens and sell the Property, I need to consider whether the filing of Certificates of Release somehow precludes the United States from foreclosing the liens. Section 325 of the Internal Revenue Code categorically resolves this issue. It allows the IRS Commissioner to revoke a Certificate of Release and reinstate the lien where, as in this case, it was issued "erroneously or improvidently." 26 U.S.C. § 6325(f)(2). "This provision, which allows respondent to reinstate the lien, belies [Ba'Tai Price's] argument that the erroneously issued certificate in this case extinguished [her] liability once and for all." *Boyer v. Comm'r*, 86 T.C.M. (CCH) 615, 2003 WL 22725293 at *4 (2003).

A district court has the authority to enforce the federal tax liens by ordering a foreclosure of the taxpayer's interest and a judicial sale of the Property. *See* 26 U.S.C. § 7403(a)–(c). As the Supreme Court has noted: "We can think of virtually no circumstances . . . in which it would be permissible to refuse to authorize a sale simply to protect the interest of the delinquent taxpayer himself." *United States v. Rodgers*, 461 U.S. 677, 709 (1983). Given these clear instructions, I recommend that summary judgment be granted on the United States' claim that it be permitted to enforce the federal tax liens by foreclosure and sale of the Property.

## CONCLUSION

Having considered the United States' Motion for Partial Summary Judgment (Dkt. 125), I find that the motion has merit and summary judgment should be **GRANTED**. I

**RECOMMEND** that judgment be entered in favor of the United States and against the Estate of Isaac Price, II for the amount of $651,971.91, as of September 10, 2018, plus prejudgment and post-judgment interest on that amount at the rates set forth in 26 U.S.C. §§ 6601, 6621, and 28 U.S.C. § 1961(c) until paid.  I further **RECOMMEND** that the United States' liens against the Property be foreclosed and the Property be sold pursuant to an order for sale to be entered by the Court. The sale proceeds should be applied first to the expenses of the sale, then to pay off the lien held by the Harris County Tax Assessor/Collector. The net proceeds after payment of these liabilities will be applied to the tax debts of the Estate of Isaac Price, II for tax years 2001, 2002, and 2005.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 10th day of September, 2019.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE